# EXHIBIT A



**BLOOD HURST & O'REARDON** | LLP

501 W. Broadway, Suite 1490 | San Diego, CA 92101
T | 619.338.1100  F | 619.338.1101
www.bholaw.com

Timothy G. Blood
tblood@bholaw.com

June 14, 2023

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7021 2720 0001 0088 7870)**

SeungKyu (Sean) Yon
President & CEO
Kia America, Inc.
111 Peters Canyon Road
Irvine, CA 92606

Dear Mr. Yoon:

We represent Zurich American Insurance Company et al. ("Plaintiffs")[1] in an action against Kia America, Inc. ("Kia") and Hyundai Motor America ("Hyundai") (Hyundai and Kia are together, "Defendants"), arising out of, *inter alia*, their actions and inactions in misrepresenting the safety and security of Kia and Hyundai vehicles equipped with traditional "insert-and-turn" steel key ignition systems (the "Subject Vehicles"),[2] and omitting the fact that

---

[1] American Guarantee and Liability Insurance Company; American Zurich Insurance Company; Empire Fire and Marine Insurance Company; Empire Indemnity Insurance Company; Universal Underwriters Insurance Company; Universal Underwriters of Texas Insurance Company; Zurich American Insurance Company of Illinois; Country Preferred Insurance Company; Country Casualty Insurance Company; Country Mutual Insurance Company; Madison Mutual Insurance Company; Federated Mutual Insurance Company; Federated Service Insurance Company; Federated Reserve Insurance Company; Arizona Automobile Insurance Company; Century Surety Company; Celina Mutual Insurance Company; Miami Mutual Insurance Company; National Mutual Insurance Company; Frankenmuth Insurance Company; Goodville Mutual Casualty Company; MMG Insurance Company; Key Insurance Company; Farm Bureau General Insurance Company of Michigan; 360 Insurance Company; Mountain West Farm Bureau Mutual Insurance Company; Battle Creek Mutual Insurance Company; Nodak Insurance Company; GoAuto Insurance Company; American West Insurance Company; Pioneer State Mutual Insurance Company; Wayne Mutual Insurance Company; Nevada General Insurance Company; Wolverine Mutual Insurance Company; Lemonade Insurance Company; Metromile Insurance Company; Auto-Owners Insurance Company; Home-Owners Insurance Company; Owners Insurance Company; Southern-Owners Insurance Company; Property-Owners Insurance Company; Farm Bureau Property & Casualty Insurance Company; Western Agricultural Insurance Company; SECURA Insurance Company (f/k/a SECURA Insurance, a Mutual Company); SECURA Supreme Insurance Company; Illinois Casualty Company; Pharmacists Mutual Insurance Company; West Bend Insurance Company; Shelter Mutual Insurance Company; and Shelter General Insurance Company.

[2] The Subject Vehicles are 2011-2022 Kia vehicles and 2011-2022 Hyundai vehicles which do not contain an engine immobilizer. As the vehicles' manufacturers, Defendants have

00082316





SeungKyu (Sean) Yon
President & CEO
Kia America, Inc.
June 14, 2023
Page 2

they designed and manufactured the Subject Vehicles with a Defect making them unsafe and unfit for the ordinary purpose for which they were used. Plaintiffs provided automobile and property insurance to owners and lessees of the Subject Vehicles.

As more fully detailed in the Complaint, the Subject Vehicles all suffer from a series of material, security design flaws that allow thieves to steal a Subject Vehicle in less than ninety seconds. The series of design flaws, which are collectively referred to as the "Defect," include: (i) the steering columns do not have adequately secure collars or casings, making it easy to access the ignition assembly to "hot-wire" the vehicle; (ii) the ignition lock cylinders lack a locking feature, which allows them to be easily removed with minimal force while keeping the ignition switch untouched; (iii) the exposed ignition switch can be activated with something as simple as a pair of pliers or even a USB connector, which has become the tool of choice for car thieves; and (iv) the vehicles are not equipped with engine immobilizers.

Plaintiffs' full claims, including the facts and circumstances surrounding these claims, are detailed in the Complaint for Damages, a copy of which is attached and incorporated by this reference. As described therein, in misrepresenting the safety and security of the Subject Vehicles, and omitting the fact that they designed and manufactured the Subject Vehicles with the Defect making them unsafe and unfit for the ordinary purpose for which they were used, Defendants' conduct violates the CLRA.

As part of their insurance policies with the insureds—owners and lessees of the Subject Vehicles—Plaintiffs have agreed to cover losses suffered by their insureds due to theft or damage to Subject Vehicles. Plaintiffs have paid for covered losses suffered by their insureds arising from the Defect, consequently are entitled to "stand in the shoes" of their insureds as to all legal claims, and so now bring this subrogation action against Defendants. Defendants' failure to include an engine immobilizer in the Subject Vehicles directly caused the theft and subsequent loss of the insured vehicles. As a result, Defendants' conduct violates state consumer protection laws and constitutes a breach of the implied warranties of merchantability, as well as fraudulent omissions and concealment, and unjust enrichment. Plaintiffs have suffered injury in fact and incurred damages. The Subject Vehicles insured by Plaintiffs have been, and still are, being targeted due to the Defect that allows the vehicles to be easily hot-wired and stolen. Because of

---

knowledge of the specific vehicle models at issue. Upon information and belief, and subject to confirmation through discovery, these models reportedly include Hyundai Accent (2018-2022), Elantra (2011-2022), Elantra GT (2018-2020), Sonata (2011-2019), Veloster (2012-2017, 2019-2021), Venue (2020-2021), Kona (2018-2022), Tucson (2011-2022), Santa Fe (2013-2022), Santa Fe Sport (2013-2018), Santa Fe XL (2019), Palisade (2020-2021) and Gensis Coupe (2013-2014) vehicles.

00203361



SeungKyu (Sean) Yon
President & CEO
Kia America, Inc.
June 14, 2023
Page 3

the ongoing nature of Defendants' misconduct, Plaintiffs will continue to suffer harm and thus also seek declaratory and injunctive relief.

Defendants' representations and omissions about the safety and security of the Subject Vehicles are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendant with the intent to result in the sale of the Subject Vehicles to the consuming public. These practices constitute violations of the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* Specifically, Defendants' practices violate California Civil Code §§ 1770(a) under, *inter alia*, the following subdivisions:

> (5)   Representing that [the Subject Vehicles] have . . .characteristics, . . . uses [or] benefits . . . which they do not have . . . .

* * *

> (7)   Representing that [the Subject Vehicles] are of a particular standard, quality or grade . . . if they are of another.

* * *

> (9)   Advertising [the Subject Vehicles] with intent not to sell them as advertised.

* * *

> (16)   Representing that the [Subject Vehicles have] been supplied in accordance with a previous representation when it has not.

As detailed in the attached Complaint, Defendants' practices also violate materially identical state consumer protection statutes, California Business and Professions Code §§ 17200, *et seq.*, the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*), the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790, *et seq.*), and constitute a breach of the implied warranty of merchantability, common law fraudulent omission / concealment, and unjust enrichment.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, California Commercial Code § 2607, and similar statutes, we hereby demand on behalf of our clients that Kia and Hyundai immediately correct and rectify these violations by ceasing dissemination of false and misleading information as described in the enclosed Complaint, properly inform consumers of the Defects present in the Subject Vehicles, and establish a replacement program and protocol and notify owners and lessees of the Subject Vehicles of such program, pursuant to which Defendants, at no cost to Plaintiffs and such owners



SeungKyu (Sean) Yon
President & CEO
Kia America, Inc.
June 14, 2023
Page 4

and lessees, will repair the Defect on the Subject Vehicles and provide monetary redress and disgorgement. In addition, Kia and Hyundai must provide reimbursement for interest, costs, and fees.

We await your response.

Sincerely,

TIMOTHY G. BLOOD

TGB:jk

Enclosure

00203361



501 W. Broadway, Suite 1490 | San Diego, CA 92101
T | 619.338.1100  F | 619.338.1101
www.bholaw.com

Timothy G. Blood
tblood@bholaw.com

June 14, 2023

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7021 2720 0001 0088 7863)**

Randy Parker, CEO
Hyundai Motor America
10550 Talbert Avenue
Fountain Valley, CA 92728

Dear Mr. Parker:

    We represent Zurich American Insurance Company et al.[1] ("Plaintiffs") in an action against Kia America, Inc. ("Kia") and Hyundai Motor America ("Hyundai") (Hyundai and Kia are together, "Defendants"), arising out of, *inter alia*, their actions and inactions in misrepresenting the safety and security of Kia and Hyundai vehicles equipped with traditional "insert-and-turn" steel key ignition systems (the "Subject Vehicles"),[2] and omitting the fact that

---

[1] American Guarantee and Liability Insurance Company; American Zurich Insurance Company; Empire Fire and Marine Insurance Company; Empire Indemnity Insurance Company; Universal Underwriters Insurance Company; Universal Underwriters of Texas Insurance Company; Zurich American Insurance Company of Illinois; Country Preferred Insurance Company; Country Casualty Insurance Company; Country Mutual Insurance Company; Madison Mutual Insurance Company; Federated Mutual Insurance Company; Federated Service Insurance Company; Federated Reserve Insurance Company; Arizona Automobile Insurance Company; Century Surety Company; Celina Mutual Insurance Company; Miami Mutual Insurance Company; National Mutual Insurance Company; Frankenmuth Insurance Company; Goodville Mutual Casualty Company; MMG Insurance Company; Key Insurance Company; Farm Bureau General Insurance Company of Michigan; 360 Insurance Company; Mountain West Farm Bureau Mutual Insurance Company; Battle Creek Mutual Insurance Company; Nodak Insurance Company; GoAuto Insurance Company; American West Insurance Company; Pioneer State Mutual Insurance Company; Wayne Mutual Insurance Company; Nevada General Insurance Company; Wolverine Mutual Insurance Company; Lemonade Insurance Company; Metromile Insurance Company; Auto-Owners Insurance Company; Home-Owners Insurance Company; Owners Insurance Company; Southern-Owners Insurance Company; Property-Owners Insurance Company; Farm Bureau Property & Casualty Insurance Company; Western Agricultural Insurance Company; SECURA Insurance Company (f/k/a SECURA Insurance, a Mutual Company); SECURA Supreme Insurance Company; Illinois Casualty Company; Pharmacists Mutual Insurance Company; West Bend Insurance Company; Shelter Mutual Insurance Company; and Shelter General Insurance Company.

[2] The Subject Vehicles are 2011-2022 Kia vehicles and 2011-2022 Hyundai vehicles which do not contain an engine immobilizer. As the vehicles' manufacturers, Defendants have knowledge of the specific vehicle models at issue. Upon information and belief, and subject to

0020385

8



Randy Parker, CEO
Hyundai Motor America
June 14, 2023
Page 2

they designed and manufactured the Subject Vehicles with a Defect making them unsafe and unfit for the ordinary purpose for which they were used. Plaintiffs provided automobile and property insurance to owners and lessees of the Subject Vehicles.

As more fully detailed in the Complaint, the Subject Vehicles all suffer from a series of material, security design flaws that allow thieves to steal a Subject Vehicle in less than ninety seconds. The series of design flaws, which are collectively referred to as the "Defect," include: (i) the steering columns do not have adequately secure collars or casings, making it easy to access the ignition assembly to "hot-wire" the vehicle; (ii) the ignition lock cylinders lack a locking feature, which allows them to be easily removed with minimal force while keeping the ignition switch untouched; (iii) the exposed ignition switch can be activated with something as simple as a pair of pliers or even a USB connector, which has become the tool of choice for car thieves; and (iv) the vehicles are not equipped with engine immobilizers.

Plaintiffs' full claims, including the facts and circumstances surrounding these claims, are detailed in the Complaint for Damages, a copy of which is attached and incorporated by this reference. As described therein, in misrepresenting the safety and security of the Subject Vehicles, and omitting the fact that they designed and manufactured the Subject Vehicles with the Defect making them unsafe and unfit for the ordinary purpose for which they were used, Defendants' conduct violates the CLRA.

As part of their insurance policies with the insureds—owners and lessees of the Subject Vehicles—Plaintiffs have agreed to cover losses suffered by their insureds due to theft or damage to Subject Vehicles. Plaintiffs have paid for covered losses suffered by their insureds arising from the Defect, consequently are entitled to "stand in the shoes" of their insureds as to all legal claims, and so now bring this subrogation action against Defendants. Defendants' failure to include an engine immobilizer in the Subject Vehicles directly caused the theft and subsequent loss of the insured vehicles. As a result, Defendants' conduct violates state consumer protection laws and constitutes a breach of the implied warranties of merchantability, as well as fraudulent omissions and concealment, and unjust enrichment. Plaintiffs have suffered injury in fact and incurred damages. The Subject Vehicles insured by Plaintiffs have been, and still are, being targeted due to the Defect that allows the vehicles to be easily hot-wired and stolen. Because of the ongoing nature of Defendants' misconduct, Plaintiffs will continue to suffer harm and thus also seek declaratory and injunctive relief.

---

confirmation through discovery, these models reportedly include Hyundai Accent (2018-2022), Elantra (2011-2022), Elantra GT (2018-2020), Sonata (2011-2019), Veloster (2012-2017, 2019-2021), Venue (2020-2021), Kona (2018-2022), Tucson (2011-2022), Santa Fe (2013-2022), Santa Fe Sport (2013-2018), Santa Fe XL (2019), Palisade (2020-2021) and Gensis Coupe (2013-2014) vehicles.



Randy Parker, CEO
Hyundai Motor America
June 14, 2023
Page 3

      Defendants' representations and omissions about the safety and security of the Subject Vehicles are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendant with the intent to result in the sale of the Subject Vehicles to the consuming public. These practices constitute violations of the Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. Specifically, Defendants' practices violate California Civil Code §§ 1770(a) under, inter alia, the following subdivisions:

    (5)    Representing that [the Subject Vehicles] have . . .characteristics, . . . uses [or] benefits . . . which they do not have . . . .

* * *

    (7)    Representing that [the Subject Vehicles] are of a particular standard, quality or grade . . . if they are of another.

* * *

    (9)    Advertising [the Subject Vehicles] with intent not to sell them as advertised.

* * *

    (16)    Representing that the [Subject Vehicles have] been supplied in accordance with a previous representation when it has not.

      As detailed in the attached Complaint, Defendants' practices also violate materially identical state consumer protection statutes, California Business and Professions Code §§ 17200, et seq., the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, et seq.), the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790, et seq.), and constitute a breach of the implied warranty of merchantability, common law fraudulent omission / concealment, and unjust enrichment.

      While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, California Commercial Code § 2607, and similar statutes, we hereby demand on behalf of our clients that Kia and Hyundai immediately correct and rectify these violations by ceasing dissemination of false and misleading information as described in the enclosed Complaint, properly inform consumers of the Defects present in the Subject Vehicles, and establish a replacement program and protocol and notify owners and lessees of the Subject Vehicles of such program, pursuant to which Defendants, at no cost to Plaintiffs and such owners and lessees, will repair the Defect on the Subject Vehicles and provide monetary redress and disgorgement. In addition, Kia and Hyundai must provide reimbursement for interest, costs, and fees.



Randy Parker, CEO
Hyundai Motor America
June 14, 2023
Page 4

We await your response.

Sincerely,

TIMOTHY G. BLOOD

TGB:jk

Enclosure

00203855